UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE GALLOWAY, | ) | No. EDCV 08-1248 (CW) |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

## I.  BACKGROUND

Plaintiff Charlene Galloway was born on March 30, 1970, and was thirty-seven years old at the time of her administrative hearing. [Administrative Record ("AR") 52, 226, 242.] She has a tenth grade education and past relevant work experience as a home care provider.

1

[AR 18.]  Plaintiff alleges disability on the basis of depression and hypertension. [AR 22.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 10, 2008, and filed on September 19, 2008.  On March 26, 2009, defendant filed plaintiff's Administrative Record ("AR").  On June 2, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") on September 1, 2005, and supplemental security income ("SSI") on September 16, 2005, both alleging disability since July 31, 2005.  [AR 12.]  After the applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on July 23, 2007, before Administrative Law Judge ("ALJ") Keith Varni. [AR 242.]  Plaintiff appeared with counsel and gave testimony. [AR 243.]  The ALJ denied benefits in a decision dated July 27, 2007. [AR 12-19.]  When the Appeals Council denied review on August 1, 2008, the ALJ's decision became the Commissioner's final decision. [AR 4.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial

```
        gainful activity?  If so, the claimant is found not
        disabled.  If not, proceed to step two.
             Step two: Does the claimant have a "severe" impairment?
        If so, proceed to step three.  If not, then a finding of not
        disabled is appropriate.
             Step three: Does the claimant's impairment or
        combination of impairments meet or equal an impairment
        listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
        so, the claimant is automatically determined disabled.  If
        not, proceed to step four.
             Step four: Is the claimant capable of performing his
        past work?  If so, the claimant is not disabled.  If not,
        proceed to step five.
             Step five: Does the claimant have the residual
        functional capacity to perform any other work?  If so, the
        claimant is not disabled.  If not, the claimant is disabled.
```

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

4

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely an affective mood disorder (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 14.] The ALJ determined that Plaintiff had an RFC for "a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, nonpublic tasks." [AR 15.] This precluded Plaintiff from returning to her past relevant work (step four). [AR 18.] The ALJ found that there were jobs in significant numbers in the national economy that Plaintiff could perform pursuant to Section 204.00 of the Medical-Vocational Guidelines (step five). [AR 19.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation raises six disputed issues:

1. Whether the ALJ properly considered lay witness testimony in the record;

2. Whether the ALJ properly considered the treating clinician's opinion;

3. Whether the ALJ properly considered the treating

---

n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1         psychiatrist's opinion;

2   4.   Whether the ALJ properly considered the state agency review
3         physician's functional assessment;

4   5.   Whether the ALJ should have obtained vocational expert
5         testimony; and

6   6.   Whether the ALJ properly considered Plaintiff's medication
7         side effects.

8 [JS 2-3.]

9 As discussed below, Issue Three is dispositive.

10 **D.  PLAINTIFF'S CLAIM OF MENTAL IMPAIRMENT**

11 In September 2005, Plaintiff had an Adult Psychiatric Evaluation
12 conducted by Dr. Sekhon. [AR 167-68.] Although most of the record of
13 the examination is illegible, Dr. Sekhon appears to have diagnosed
14 Plaintiff with Schizophrenia, Paranoid Type (Diagnostic and
15 Statistical Manual of Mental Disorders ("DSM IV") Code 295.30),
16 Schizoaffective Disorder (Code 295.70), and Mood Disorder Not
17 Otherwise Specified (Code 296.90). [AR 168.] Subsequent medical
18 records, which document treatment Plaintiff received at the San
19 Bernardino County Department of Behavioral Health from October 2005 to
20 March 2006, are illegible. [AR 162-66.] In May 2007, Plaintiff was
21 hospitalized for three days at the Community Hospital of San
22 Bernardino for major depression with psychotic features and suicidal
23 ideation. [AR 197.]

24 In December 2005, Plaintiff underwent a Complete Psychiatric
25 Evaluation conducted by Dr. Linda Smith. [AR 114-22.] Upon
26 examination, Dr. Smith observed, among other things, that Plaintiff
27 "is not a credible historian at all," and that "she is a very, very
28 strong positive responder for almost everything I ask her about." [AR

114.] On conclusion of the examination, Dr. Smith stated that Plaintiff "may indeed have a Mood Disorder with some depression and some anxiety," that Plaintiff's prognosis was fair, and that she had no limitations in several areas of functioning. [AR 120, 121.]

In December 2005, Dr. H. Amado completed a Psychiatric Review Technique form ("PRTF") based on a review of the medical record. [AR 124-37.] Dr. Amado determined that based on the record, an RFC assessment was necessary and that Plaintiff's claim was considered under Listed Impairment 12.03 ("Schizophrenic, Paranoid and Other Psychotic Disorders") and 12.04 ("Affective Disorders"). [AR 124.] Dr. Amado further noted the "contradictory" statements of the treating psychiatric records and Dr. Smith's evaluation, and that the treating records were "regrettably, very difficult to decipher in places." [AR 136.] Dr. Amado concluded that a limitation to simple repetitive tasks and non-public work ("SRT/NP") would be "perhaps the best way to reconcile the various reports at this time." [Id.] Dr. Amado also completed a Mental Residual Functional Capacity Assessment ("MRFC") determining that Plaintiff was moderately limited in seven out of twenty areas of mental functioning but not significantly limited in the remaining areas. [AR 138-39.]

In the administrative decision, the ALJ discussed the treating medical evidence, including the "illegible" clinical notes and the record of Plaintiff's hospitalization, as well as the examination by Dr. Smith and the opinion of the state agency review physician, Dr. Amado. [AR 16-18.] The ALJ observed that Plaintiff's appearance at the hearing was "a conscious, deliberate dissimulation," consistent with Dr. Smith's observations. The ALJ also found that Dr. Amado's MRFC assessment was "far too mentally restrictive in light of the

7

incredible performance before [Dr. Smith] and myself at the hearing" but concluded that Dr. Amado's earlier finding in the PRTF, that Plaintiff could perform simple, routine, nonpublic work, was "well within the claimant's mental residual functional capacity." [AR 18.] Accordingly, the ALJ found Plaintiff not disabled.

To the extent that the ALJ adopted the opinion of the state agency review physician, Dr. Amado, that Plaintiff could perform simple, routine, non-public work, this finding was not supported by substantial evidence. Dr. Amado had an opportunity to review only an incomplete medical record: his December 2005 assessment occurred prior to the conclusion of Plaintiff's mental treatment at the San Bernardino County Department of Behavioral Health in March 2006 and her psychiatric hospitalization in May 2007. Because Dr. Amado's evaluation could not take into account significant and probative evidence in the record, it should not have been relied upon in making the RFC determination. See Tonapetyan, 242 F.3d at 1148 (explaining that the opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record). Moreover, it appears that a substantial portion of the treating medical evidence could not be properly evaluated because it was illegible, and clarification of the record is required. See Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975)("Where the medical records are crucial to the plaintiff's claim, illegibility of important evidentiary material has been held to warrant a remand for clarification and supplementation"). Accordingly, reversal of the Commissioner's decision is required.

**E. REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within

the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.[2] Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 17, 2009

                                                               _____/S/_____
                                                                   CARLA M. WOEHRLE
                                      United States Magistrate Judge

---

[2] Although Plaintiff raises in the Joint Stipulation five additional claims asserting legal error or lack of substantial evidence to support the ALJ's decision, none of the claims would direct a finding of disability, assuming that it had merit, on the basis of the current record.

9